VENETIA K. CARPENTER-ASUI
A Law Corporation

VENETIA K. CARPENTER-ASUI    6901
Haseko Center
820 Mililani Street, Suite 812
Honolulu, Hawaii 96813
Telephone:  (808) 523-6446
Facsimile    (808) 523-6727

Attorney for Plaintiff
LINDA D. SEKIYA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA D. SEKIYA,<br><br>       Plaintiff,<br><br>vs.<br><br>DONALD H. RUMSFELD,<br>officially as secretary of Defense<br><br>      Agency. | Civ No. 04-00297 DAE/KSC<br><br>PLAINTIFF'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S CONCISE STATEMENT OF FACTS; DECLARATION OF LINDA D. SEKIYA; DECLARATION OF PLAINTIFF'S COUNSEL; EXHIBITS A-OO; CERTIFICATE OF SERVICE<br><br>**Hearing:**<br>Date:    3/13/06<br>Time:    10:30 a.m.<br>Judge:   Hon. David A. Ezra<br><br>Trial:    5/9/06 |

## PLAINTIFF'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S CONCISE STATEMENT OF FACTS

Pursuant to Rule 56.1 of the Local Rules of Practice for the U.S. District Court for the District of Hawaii, Plaintiff LINDA D. SEKIYA ("Plaintiff") hereby submits her Concise Statement of Facts in Opposition to Defendant's Concise Statement of Facts:

1. Undisputed.

2. Disputed. It was not mandatory for plaintiff to drive a forklift. — See Exhibit NN

3. Partially disputed. Union agreement does not state that Plaintiff was required to produce a doctor's note on any account. — See Exhibit GG

4. Undisputed.

5. Undisputed.

6. Partially disputed. Letter stated the pain was chronic, so a specific time frame could not be given. — See Exhibit HH

7. Disputed. At the time Plaintiff's health problems were periodical, so no medication was prescribed by Dr. Inada. — See Exhibit E

8. Partially disputed. Supervisor Ching told Plaintiff the reason for her "Letter of Requirement" was due to low leave hours. — See Exhibit M; Decla Pl

9. Undisputed.

10. Undisputed.

| | |
|---|---|
| 11. See #8. | See Exhibit M |
| 12. Disputed. Plaintiff did not know that she ran out of sick leave and should have been offered FMLA leave. | Pl Decla |
| 13. Undisputed. | |
| 14. Partially disputed. Cheryl Hoyt contacted Plaintiff on 11/26/01. | Pl Decla |

## PLAINTIFF'S CONCISE STATEMENT OF FACTS TO DEFENDANT

| | |
|---|---|
| 1. Pl's use of crutches from 12/99 through her retirement on 10/1/01, to the present, prevented her from performing all of her job duties. | Decla Pl |
| 2. Def permitted the warehousemen to perform some of Pl's job duties including: inventory, forklift operation, and climbing ladders. | Ex P, p58 lines 10-19 |
| 3. Pl's sick leave in 1/00 for the entire month due to her foot problems, resulted in her use of sick leave. | Decla Pl |
| 4. Pl's migraines in 2000 and 2001 1-2 times per month affected Pl's ability to appear for work, resulting in her use of sick leave. | Decla Pl |
| 5. Pl received fully successful annual performance evaluations. | Ex C |
| 6. In 34 years of Federal service Pl was never disciplined for any form of wrongdoing. | Ex B |
| 7. Pl's work attendance improved in 2001 from 2000, 1999 and 1998. | Ex N |

| | |
|---|---|
| 8. Supervisor Ching testified that he told Pl to cut off her foot 12-24 times between 12/99 to 10/1/01 (retirement). | Ex P, p104 line 24 to p105 line 1; p105 lines 16-18; p107 lines 9-10. |
| 9. Supervisor Ching told Pl to get a wooden leg. | Ex P, p113 lines 4-13. |
| 10. Supervisor Ching told Pl that the other employees may start thinking Pl was getting preferred treatment. | Ex P, p181 lines 13-24 |
| 11. Supervisor Ching asked Pl to use a cane instead of crutches. | Ex P, p194 lines 3-4. |
| 12. Supervisor Ching asked Pl to take medical retirement. | Ex P, p192 lines 17-19 |
| 13. Supervisor Ching asked Pl to take regular retirement. | Ex P, p193 lines 1-3. |
| 14. Carol Ah Hee heard Supervisor Ching tell Pl to cut her leg off. | Ex O. |
| 15. Shizuo Yanagi heard Supervisor Ching tell Pl to cut her leg off. | Ex P, p32 lines 9-20. |
| 16. Ed Cubarrubias heard Supervisor Ching tell Pl to cut her leg off. | Ex P, p70 lines 12-25; p71 lines 1-16. |
| 17. Gary Fountain heard Supervisor Ching tell Pl to cut her leg off. | Ex P, p56 lines 3-25; p57 lines 1-23. |
| 18. Pl was the only employee to receive a letter of requirement. | Ex P, p139 lines 3-13. |
| 19. A male employee also had a leave balance of zero but he was not issued a letter of | Ex P, p129 lines 17-22. |

requirement.

| | |
|---|---|
| 20. Supervisor Ching approved all of Pl's leave requests because he said they were "legitimate." | Ex P, p127 lines 14-15 |
| 21. Pl was required to submit a medical certificate for even one day's absence. | Ex M |
| 22. Pl told Supervisor Ching that her father was dying of cancer. | Ex P, p143 lines 9-11; p193 lines 17-24. |
| 23. Supervisor Ching did not tell Pl that she could apply for FMLA leave. | Ex P, p143 lines 12-21 |
| 24. Pl told Supervisor Ching that she was the only person who could take care of her dying father. | Ex P, p183 lines 17-25; p184 lines 1-5. |
| 25. The FMLA requires the employer to tell the employee about the availability of FMLA leave. | |
| 26. In 2001 Pl was a federal civil service employee w/ more than 12 months of service & therefore entitled to FMLA leave. | Title II FMLA, 5 USC s6381 et seq. |
| 27. FMLA allows 12 weeks of unpaid leave in any 12 month period to care for a parent who is suffering from a serious health condition. | 29 USC s2612(a) |
| 28. An employee who takes FMLA is entitled to maintain all employee benefits &, upon return from such leave, the right to be reinstated to her prior position (or an equivalent). | 29 USC ss2612, 2614 |
| 29. When an employer violates the FMLA, the employee is entitled to recover: 1) compensatory damages equal to the amount of any wages, salary, employment benefits, or other compensation which she was denied or lost as a result of the violation; 2) interest on the compensatory | 29 USC s2617(a)(1). |

damages; and 3) unless the court concludes that the employer acted in good faith and reasonably believed that it had not violated the Act, liquidated damages equal to the sum of the amount of the compensatory damages and the interest thereon.

30. "If an employee requests leave and states the reasons for such leave, the employee has satisfied his notice requirement under the FMLA."   29 CFR s825.303(b)

31. "The employee is not required to mention the FMLA by name nor refer to any legislation. Rather, in all circumstances it is the employer's duty and responsibility to classify the request for leave as FMLA-qualifying or not and to give appropriate notice within 2 days of the request.   29 CFR s825.302(c)

32. "A serious health condition under the FMLA has been defined as an illness, injury, impairment, or physical or mental condition that involves either inpatient care or continuing treatment by a health care provider.   5 USC s6381(5)

DATED:   Honolulu, Hawaii, February 21, 2006.

_____
VENETIA K. CARPENTER-ASUI
Attorney for Plaintiff
LINDA D. SEKIYA

**CERTIFICATION:**   There are 1130 words in this document according to the word count on the software program on this computer.