

## EEO COUNSELOR'S REPORT

A) **AGGRIEVED PERSON:**

   Name: Linda D. (Custy) Sekiya

   Job Title/Series/Grade: GS-1107-7, Property Disposal Technician

   Place of Employment: DRMO Hawaii

   Work Phone No: N/A     Home Phone No: 808-945-7864

   Home Address: 1517 Makiki St. #1201
                 Honolulu, HI 96822

   **Representative: N/A**

B) **CHRONOLOGY OF EEO COUNSELING:**

   Date of Initial Contact: November 20, 2001

   Date of Initial Interview: December 10, 2001

   Date of Alleged Discriminatory Event: 8/22/01 & 9/10/01

   Reason for delayed contact beyond 45 days, if applicable: Contacted congressional representative September 25, 2001

   Date Counseling Report Requested: December 10, 2001

   Date Counseling Report Submitted: January 7, 2002

C) **BASE(ES) FOR ALLEGED DISCRIMINATION:**

   1) [ ] Race (Specify)
   2) [ ] Color (Specify)
   3) [ ] National Origin (Specify)
   4) [ ] Sex (Specify)
   5) [x] Age (9/27/46)
   6) [x] Mental Disability (Depression)
   7) [x] Physical Disability (Physical -foot)
   8) [ ] Religion (Specify)
   9) [x] Reprisal (UG Complaint – May 1990)

D) **ALLEGATIONS OF DISCRIMINATION:** Complainant alleges she was discriminated against when she was denied attendance to the pre-retirement course given by the DRMO. Letter of Requirement given two weeks after requesting a written reason for non-attendance to the pre-retirement. Alleges she was not allowed to use "Family Medical Leave.

E) **REMEDY REQUESTED:** Complainant is requesting compensation for medical bills, medication and supplies. Restoration of sick and annual leave, back pay with interest, payment of loss time when unable to work,

**EXHIBIT AA**

000918

<u>Compensation for pain and suffering and financial loss. Recalculation of retirement for 3 years – complainant was not planning to retire for 3 years.</u>

F) <u>EEO COUNSELOR'S CHECKLIST:</u> THE COUNSELOR ADVISED THE AGGRIEVED PERSON IN WRITING OF THE RIGHTS AND RESPONSIBILITIES CONTAINED IN THE EEO COURNSELORS CHECK LIST. DATE: <u>Checklist provided via e-mail November 27, 2001 – letter dated December 10, 2001 and signed December 9, 2001.</u>

G) <u>SUMMARY OF COUNSELOR'S INQUIRY:</u>

**Personal Contacts:** Deputy Chief, 1st line supervisor, DRMS employee relations, and 3DRMO employees that were denied attendance to the pre-retirement training.

1) **Documents Reviewed:** Letter of Requirement, dated Aug. 22, 2001, e-mail, signed leave slips, doctors slips, congressional letter, MFR of oral counseling, dated May 25, 01 and letter of request for advanced sick leave – date Jan 2000.

2) **Background Information:** Complainant alleges she was discriminated against and pressured to retire because of her physical and mental disability. Complainant alleges she was denied the right to attend the pre-retirement training. She feels she was being retaliated again when she received the "letter of requirement" because she asked for a letter in writing why she was unable to attend the pre-retirement class. Complainant indicated that she asked about "Family Medical Leave" because she was caring for her sick father who passed away. She alleges she was told that they did not know about the family leave. The first line manager indicated that the complainant never requested "Family Medical Leave" – the first line supervisory knew her father had cancer, but did not know the extent of the illness – he also let the Chief and the Deputy know about her father being ill. The Deputy stated that she did not know the father was ill and was surprised when she heard the complainant's father had passed away. Both managers indicated that they did not provide in writing a request to the complainant to provided a doctor's statement indicating if she required an accommodation for her physical injury. They did request this information orally from the complainant. Management did not provide an copy of the complainant's job description or her duties to her for her doctor to indicate what she could and could not do. The first line supervisor indicated that he approved the complainant leave, because he knew she had a physical injury and she suffered from migraines. He also knew she was taking care of her sick father. The letter of requirement was issued after the May 2001 oral warning. Management felt that the complainant was earning and burning her leave as she got it. The first line supervisor indicated that the complainant did not ask for any accommodations – but he provide her assistance with extra personnel in the accomplishment of inventory and doing a lot of the office duties. He realized the complainant could not go with out pay.

H) <u>SUMMARY OF INFORMAL RESOLUTION ATTEMPT:</u> Complainant did not want to try mediation

J) <u>COUNSELOR'S ADVICE TO MANAGEMENT</u>:   Management was advised to provide any individual with a disability a letter in writing to their physician with their PD and job duties – so the doctor can provide medical documentation on what accommodations are required if any.

Charlene E. Lee
Name of EEO Counselor

*Charlene E. Lee* (signature)
Signature of Counselor

Date 4-23-02

DSN 932-5621
Telephone Number

Defense Logistics Information Service
DLIS-DK
74 North Washington Ave.
Battle Creek, MI 49017
Office Address