Formal Complaint of Discrimination while Employed by the Federal Government

Name of Complainant:           SEKIYA, Linda D.

Phone Number:                  (808) 945-7864

Home Address:                  1517 Makiki Street #1201
                               Honolulu, HI 96822

Representative:                None

Name of Agency:                Defense Reutilization & Marketing Office-Hawaii
                               P.O. Box 75298
                               Kapolei, HI 96707-0298

Location of Agency:            Barbers Point

Date of most recent act:       07-30-01

Employment status:             Retired 10-01-01

Reasons of discrimination:     Age, Disability and Reprisal

Age:                           55 years old

Sex:                           Female

Discussed with EEO counselor:  Yes

EEO Counselor:                 Charlene E. Lee

Phone Number:                  (616) 961-5621

Fax:                           (616) 961-5168

E-mail:                        clee@dlis.dla.mil

EEO First Contact:             November 26, 2001

Date Received Notice of Right to File:    January 11, 2002

EXHIBIT CC    000927

Alleged Discriminatory Incidents:

1. AGE DISCRIMINATION - Denied the right to attend a Pre-Retirement Seminar. At the time I was 54 years and 10 months old with 34 years of Federal Government service. Four people out of the whole organization (of approximately 48 people) were barred from attending. The four people ranged in ages 54 to 70 years of age and all were either eligible or extremely close to being eligible for retirement. My supervisor, Mr. Godfrey Ching, informed me that I was not authorized to attend this course. He stated the DRMO chief/Zone Manager, Mr. Edwin M. Domdoma, had made the final decision. Not all the attendees are eligible for retirement and some are newly hired with less than three years of service. The seminar was held on 7-30-01 at the work site. I requested to have the reason for my denial in writing. My supervisor called to inform me that I needed to request it in writing and copy the DRMO-HI Deputy (Shirley Saki).

2. RETALIATION - Agency issues a Letter of Requirement suspecting abuse of leave. In November 2000 my father was diagnosed with cancer and his condition was rapidly deteriorating. He lived alone and I was the only one living here who could assist him with his needs. The burden of responsibility of going to work, attending to him and coordinating my appointments and his became extremely stressful. He eventually was admitted to Hospice and passed away. During this time I had the flu four times, stomach flu and countless times with tension headaches (which I have a history of since 10 years old). My immune system was down and I was susceptible to almost everything I came in contact with. My doctor said it was probably due to the stress. This took place from January 2001 through August 2001. The above named individuals insinuated that the leave I was using was excessive and therefore served me a Letter of Requirement on 8-22-01. I was required to produce a doctor's certificate whenever I was sick and needed to call in daily within one hour of my starting time. When my supervisor asked me to come into his office, I asked if it was going to take long and he said, "No, but you might shit when you see this!". This notice came three weeks after I had requested my denial in writing.

3. DISABILITY - I have had several problems with my foot and therefore have been on crutches since December 1999. Again the previous three people mentioned kept continually requesting doctor's papers—not with a sincere concern for me—it was in the tone of harassment. I had always provided doctor's certificates after each appointment. My major complaint is that on numerous occasions my supervisor would always make the remark "Just cut your leg off already!". I did not appreciate that one bit! It was rude and unprofessional for a manager to make statements such as that. Other employees said it was totally uncalled for and highly unacceptable behavior. I possess a handicap placard.

Corrective Action:

1. The remedy requested should include but not limited to:
    a. All out-of-pocket expenses
    b. Medical expenses (doctor bills, prescriptions, transportation,etc)
    c. Sick Leave
    d. Annual Leave
    e. LWOP
    f. Back Pay of money with interest
    g. Inconvenience
    h. Pain and suffering
    i. Anxiety
    j. Insomnia
    k. Depression
    l. Emotional stress
    m. Mental Anguish
    n. Migraine and tension headaches
    o. Stomach problems
    p. Eating/digesting disorder
    q. Dizziness
    r. Loss of pleasure
    s. Declining health due to stress
    t. Physical exhaustion
    u. Retired three years earlier than anticipated
    v. Future medical cost
    w. Other miscellaneous expenses
    x. Strain on family relationships

First issue:

Remedy stated above
Ensure agency allows eligible employees to attend pre-retirement seminar
Ensure no retaliation to employees who were denied previous seminar
Note this incident in each manager's personnel folder

Second issue:

Remedy stated above
Correction of my personnel records
Note this incident in each manager's personnel folder
Relocate DRMO Chief/Zone Manager off island
Remove other individuals to non-supervisory positions
Provide employees with family leave policies

Third issue:

>Remedy stated above
>Note this incident in each manager's personnel folder
>Ensure employees are not subject to verbal abuse
>Remove/relocate individuals
>Ensure management's actions are consistent with their values

The above incidents have not been appealed to the Merit Systems Protection Board (MSPB) or any negotiated grievance procedure.


/s/
LINDA D. SEKIYA
1517 Makiki Street #1201
Honolulu, Hi 96822

Phone/Fax: (808) 945-7864

1-24-02
Date

000930