CHANG

ORIGINAL

CIVIL NO. **CV04 00297 DAE KSC**

**KSC**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 6 2004

at 2 o'clock and 25 min. P M.
WALTER A.Y.H. CHINN, CLERK

## ORDER SETTING RULE 16 SCHEDULING CONFERENCE

Pursuant to Rule 16 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and Local Rule 16.2 of the Rules of the United States District Court for the District of Hawaii ("L.R."), you are hereby ORDERED to appear for a Scheduling Conference on **AUGUST 2, 2004** at 9:00 a.m. before Magistrate Judge Kevin S.C. Chang in Courtroom 5.

Each party shall file a Scheduling Conference Statement pursuant to L.R. 16.2(b), and shall attend in person or by counsel.

Parties are reminded that, unless otherwise ordered by the Court, a meeting of the parties must occur at least 21 days prior to the Scheduling Conference and a report submitted to the Court. Except as otherwise provided by L.R. 26.1(c), no formal discovery may be commenced before the meeting of the parties.

Failure to file and/or failure to attend will result in imposition of sanctions, (including fines or dismissal), under Fed.R.Civ.P. 16(f) and L.R. 11.1.

DATED at Honolulu, Hawaii   **MAY 0 6 2004**

DAVID ALAN EZRA
Chief, U.S. District Judge

I hereby acknowledge receipt of the Order Setting Rule 16 Scheduling Conference.

Date **MAY 0 6 2004**

Sign _____
Atty ( ) Secy ( ) Messenger ( )

**THIS RULE 16 ORDER IS ATTACHED TO THE INITIATING DOCUMENT (COMPLAINT/NOTICE OF REMOVAL) & MUST BE SERVED WITH THE DOCUMENT. PLEASE DO NOT REMOVE.)**

EXHIBIT EE

000455

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 6 2004

at 2 o'clock and 25 min P M
WALTER A.Y.H. CHINN, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LINDA D. SEKIYA )
)
Plaintiff, )   Civil No. CV04 00297 DAE KSC
)
vs. )
)   EMPLOYMENT DISCRIMINATION COMPLAINT;
DONALD H. RUMSFELD, SECRETARY )   RIGHT TO SUE LETTER;
DEPARTMENT OF DEFENSE )   EXHIBIT A
Defendant(s). )   SUMMONS
)

1. Plaintiff resides at:

   Address  1517 MAKIKI STREET #1201

   City, State
   & Zip Code  HONOLULU, HI  96822

   Phone  (808) 945-7864
          area code

2. Defendant is located at: DEFENSE LOGISTIC AGENCY, CORPORATE EQUAL EMPLOYMENT OPPORTUNITY-DE
                            ATTN: DO, ROOM 1127

   Address  DEFENSE LOGISTICS AGENCY

   City, State
   & Zip Code  8725 JOHN J. KINGMAN ROAD, STOP 25:
               FORT BELVOIR, VA  22060-6221

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdication is conferred on this Court by 42 U.S.C. §2000e-5. Equitable and other relief is sought under 42 U.S.C. §2000e-5(g).

4. The acts complained of in this suit concern:

   A. _____ Failure to employ me.

   B. _____ Termination of my employment.

   C. _____ Failure to promote me.

EEO 1

000456

2

D. ✓ Other acts as specified below:

_SEE EXHIBIT "A"_

5. Defendant's conduct is discriminatory with respect to the following:

   A. ___ My race or color.
   B. ___ My religion.
   C. ✓ My sex.
   D. ___ My national origin.
   E. ✓ Other as specified below.
   _AGE_

6. The basic facts surrounding my claim of discrimination are:

   _SEE EXHIBIT "A"_

7. The alleged discrimination occurred on or about _MAY 1990 - SEP 2001_
(Date)

8. I filed charges with the federal Equal Employment Opportunity Commission (or the State of Hawaii Department of Labor and Industrial Relations, Enforcement Division regarding defendant's alleged discriminatory conduct on or about _DECEMBER 2002_.
(Date)

9. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue-Letter (copy attached), which was received by me on or about _2-7-04_.
(Date)

10. WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney fees.

Dated _5-6-04_

_[signature]_
Signature of Plaintiff

_LINDA D. SEKIYA_
Plaintiff's Name, printed or typed

(Notarization is **not** required)

EEO 1 - Page 3

## Statement of Facts

I worked for Defense Reutilization & Marketing Office-Hawaii (DRMO-HI), Defense Logistics Agency (DLA), United States Department of Defense (DoD). My position was Property Disposal Technician, GS-1107-07. I started in July 1975 and prematurely retired (due declining healthy from working conditions) in October 2001. The original target date to retire was October 2004-after my son graduated from college.

During my employment, I had no disciplinary actions. I received successful to superior performance ratings. Also, received a number of awards during that time.

I have never been an extremely healthy person but I worked to the best of my ability. I have a history of migraine/tension headaches, ulcers, and chronic back pain due to an injury. My headaches would last from 3-5 days. Numerous co-workers will confirm this.

Mr. Edwin M. Domdoma has made the statement that he does not like females who stand up to him. His actions spoke louder than words. He's demonstration of assignments indicated his favorites and others were treated unfairly if they were not a "yes" person to him. Gender discrimination.

In March 1990, the new DRMO Chief, Mr. Edwin M. Domdoma, arbitrarily lowered my performance rating. He had been on board for about a month and did not know the worker's traits--yet he had the audacity to reduce ratings of about dozen employees. I made an IG complaint. According to regulations he was required to be in that position for at least ninety days--which he had not been. He was ordered to reinstate my original ratings. After that he "had it out for me".

I had several medical conditions on my right foot and was on crutches from December 1999 until present. In January 2000, Dr. Michael Chun (podiatrist) ordered me to be off my feet for a month. During that entire time, my supervisor (Mr. Godfrey Ching) had called almost daily asking when was I returning to work. I told him that I was on maximum painkillers and I would return as soon as the doctor saw fit. He knew that I needed the rest due to being drowsy-- but continued to antagonize me. I was on sick leave and they had the medical certificate. This was totally unnecessary and lacked concern. Pure harassment.

In November 2000, my father was diagnosed with cancer. He lived independently and I handled his needs and all his affairs as the only child here. During that time I requested extra time off to care for my dying father. I brought this to the attention of Mr. Godfrey Ching. He did not inform me about Family Medical Leave. I used my annual and sick leave to care for a sick family member. He signed the leave requests without informing me about my rights/options.

Several months later, my father was placed in Hospice. He passed on. I then took care of handling all his affairs, grieving and working.

000459

EXHIBIT "A(5)"

On July 20, 2001 Mr. Godfrey Ching informed me that the training I requested had not been approved yet, therefore I wouldn't be able to attend. I requested annual leave for that day and paid for it on my own. Mr. G. Ching said, "You either stupid or you're rich. If you have so much money—give it to me and I'll teach you discipline". Other employees have been allowed to go to training prior to approval—per Mr. Edwin M. Domdoma. Preferential treatment. It's against regulations and actions clearly demonstrations the discrimination that goes on internally.

In July 2001, Mr. Godfrey Ching informed me that I would not be attending the pre-retirement seminar and I was to work. The agency was officially closed. I was so upset by the news that I could feel my blood pressure going up and could feel my muscles getting tense. He then asked me, "Why are you getting so upset about a little thing like that?" Well, it might seem little to him but that was crucial information I needed to make the most intelligent decision with what I had.

At a branch meeting, Mr. Ron Camara announced that he was willing to give up his slot for the pre-retirement seminar because he was newly hired and did not qualify for it. Mr. Godfrey Ching said he would bring it up to Mr. Edwin M. Domdoma. He did attend and no one was allowed to replace him.

In July 2001, the agency held a pre-retirement seminar at the worksite. The agency was completely closed for the day. I was denied attending although I was 54 years old with 34 years of service. Mr. Edwin M. Domdoma did not allow three other employees from the same branch. They ranged in ages 55 to 70 years of age and had 20 to 30 years of service. Almost all of the agency's employees were in attendance. The ones with the most seniority were barred. Definitely age discrimination.

There were some empty seats available—paid for but employee did not show up for one reason or another. Mr. Edwin M. Domdoma knowingly sat in the seminar but refused to allow us to fill the slots. He had invited Camp Smith employees to attend this seminar and even paid for them. No equal opportunities or treatment.

I needed to be informed of all the changes in laws, health care, benefits, investments, TSP, etc. This was a major decision and many factors had to be weighed—it would affect my income for life. There was absolutely no genuine concern for employees who have served 20-30+ years with the government. Mr. Edwin M. Domdoma claimed that we had attended a seminar in 1997 and therefore could not attend this one. You cannot learn everything in one session. The last seminar and Fed week publications emphasizes that you attend one at mid-career, five years prior and just before retiring. We earned the right to be advised of what options would be available as retirees. The agency has been compassionless and breach for saying we want you to be educated and knowledgeable therefore encourage training. Now that we are the "old" employees—it's not a priority.

000460

The other three also filed EEO complaints regarding this incident. We all wanted to know what factors were used in determining who was eligible to attend this pre-retirement seminar. Management should have given us this in writing. Instead, they completely ignored this issue.

Another employee, Miles Saito, was authorized to attend although he had previously attended a similar seminar about 1997. He did not state he was retiring and in fact he was not eligible as of that time. Preferential treatment.

Mr. Edwin M. Domdoma authorized younger employees with less years of service and newly hired employees to attend. The detailed organization chart will prove ages and length of service of each employee. This is gross mismanagement, fraud and misappropriation of government funds.

The agency spent exorbitant amounts on new office furniture, palm pilots, color printer, computers, travel, training (for a select few), etc. However, Mr. Edwin M. Domdoma would not approve $35.00 per person for the senior employees. His mind-set is really beyond reason.

I requested the reason for my denial to the pre-retirement seminar in writing. I never received it. Three weeks later (August 2001), I was served with a "Letter of Requirement" stating that they now "suspected" me of abusing my leave. A medical certificate would be required for all sick leaves—even for an hour. I never abused leave in my entire career. The action was retaliation for my request. When Mr. G. Ching called me in his office for this, I asked him if it would take long. He said, "No, but you might SHIT when you see this!" The treatment was so horrific that it was just intolerable.

I have a right to see the evidence/documents that were used in determining the issuance of the "Letter of Requirement". I never received anything. According to regulations, an employee has the right to see records and should be made available to them. Management never complied with this request.

The agency stated my leave for 2001 was "excessive". I used less leave in the last three years of employment. Leave and Earnings Statements are my evidence.

All my leave was approved and there were legitimate reasons for missing work.

Over the course of twenty-one months, Mr. Godfrey Ching used a public and sarcastic tone to make the remark "Just cut your leg off already". I felt it was cruel, insensitive and highly unprofessional. I told him that I did not appreciate it...but he continued to repeatedly say it. I was the target of harassment, verbally abused and berated in the presence of others. I possessed a handicap placard. Against regulations for employees with disabilities.

The agency allowed management to harass me about my physical impairment.

There have been a number of people who were victims of the stress on the job. Ms. Bessie Ramos suffered severe anxiety and depression. Mr. Ernie Correa died of a massive heart attack on the job. Ms. Shirley Saki had a massive stroke. Ms. Lilinoe Miyamoto suffered aneurysm of the brain. Mr. Leo Putorak was hospitalized for stress/depression. All no longer are with the agency. There were others.

There have been Admin employees who left due to working with Mr. Edwin M. Domdoma. They are Ms. V. Lum, Ms. Ah Hee, Ms. McIntyre, Ms. Hart and Ms. Matsuura-Oneha to name a few.

The turnover rate is extremely high for an agency that has only fifty people. During the last twelve years (since Mr. Domdoma's presence) about forty people have left for various reasons. Statements of "your job is on the line" and "if you don't like it—there's the door" were very common.

Mr. Edwin. M. Domdoma stated he had an "open door" policy. However, after meeting with him—you were marked as a troublemaker. Not trustworthy.

Mr. Edwin M. Domdoma spoke about the Zone Commitments to understanding, fairness, honesty, etc. As records and testimonies will prove—management's actions are not consistent with the organization's values.

Mr. Edwin. M. Domdoma stated that he never denied any award. A number of employees shook their heads with disgust. I for one know that it was an outright lie. Not honest.

Mr. Edwin M. Domdoma often exhibited stares and body language that conveyed intimidation and threat. He had a tendency to "fly off the handle" and just yell and berate employees. Anger management should be sought for him.

Not all-negative info may be in Mr. Edwin M. Domdoma's file.

In August 2001, my psychiatrist increased my tranquilizer dosage due to work related stress, anxiety, insomnia, etc. I had been improving with anti-depressants and supportive counseling. Then the intolerable work conditions made it harder for me to cope with the daily tasks. The intensity of my migraine and tension headaches became almost unbearable. I suffered a relapse in depression.

Due to Mr. Edwin M. Domdoma and Mr. Godfrey Ching's actions, I endured pain and suffering, emotional distress, embarrassment, humiliation, loss of enjoyment of life, medical expenses, loss of annual and sick leave, time without pay and lack of promotional opportunities.

In September 2001, I went to my psychiatrist and he recommended that I not return to work and retire. It was pure exhaustion. I was shortening my own life. I called in daily (as required) and Mr. G. Ching constantly asked me for a medical certificate. Then I asked him, "What's your greatest concern?" He said, "I don't know!" There has been undue harassment at the agency...not only me—but also others will attest to this issue.

I wrote to Congressman Neil Abercrombie and Congresswoman Patsy Mink. There have been congressional, IG complaints and similar actions in the past—many of which management was at fault. Mr. Edwin M. Domdoma continually finds faults with employees. They never get all the facts before rendering a decision. No motivation—just threats. It clearly shows a pattern of leadership that leaves much to be desired.

I was subjected to on going, continuing pattern and practice of discriminatory harassment, hostile environment and unfairly treatment. They were rude, obnoxious, demeaning, sexist, racial, and verbally abusive.

I felt degraded, hopeless and uncertain as to where to turn. There was no support from management in a situation where I had no control over.

I had been under the care of several doctors. The responses that I received added to my psychosocial stress and precipitated reactive depression and increased anxiety.

I found myself in a hostile work environment in which there was no follow-through by management to protect me, despite the rules and regulations in place. I retired earlier than anticipated due to what I was enduring.

In October 2001, I applied for unemployment compensation. After contacting Mr. Godfrey Ching/Mr. Edwin M. Domdoma, they denied me as being eligible. According the management they claimed that they were unaware of the stress and had they known they would have tried to place me in another position. That was the farthest thing from the truth. Dishonesty to the max.

I appealed the unemployment compensation case. They scheduled a telephone hearing with the agency. The decision was reversed and I was eligible to collect.

In September 2002, DLA said that they would investigate the discrimination and disability issue but not the reprisal. They are documents and witness to support this claim.

In December 2002, Mr. Ron Camara had informed me that my position was now a GS-11. While I was in it, Mr. Edwin M. Domdoma refused to upgrade it. Shortly after I retired they upgraded it to a GS-9, then a GS-11. All within about a year.

I have approximately thirty references/witnesses who will attest to the disturbing incidents, conversations, and inappropriate behavior by management.

000463

9

The ordeal that management has put me through has continued to affect my health. I am still under professional medical care for a number of conditions.

I have brought this to EEOC and OFO. Both with an unfavorable reply. The attorney that I had did not participate in the Discovery phase; therefore we did not have all the evidence we needed.

000464

10

# UNITED STATES DISTRICT COURT

District of Hawaii

LINDA D. SEKIYA

V.

DONALD H. RUMSFELD, SECRETARY
DEPARTMENT OF DEFENSE
(DEFENSE LOGISTICS AGENCY)

SUMMONS IN A CIVIL CASE

CASE NUMBER: CV04 00297 DAE KSC

TO: (Name and address of Defendant)
ALL NAMED DEFENDANT(S)

DLA CORPORATE EQUAL EMPLOYMENT OPPORTUNITY OFFICE
ATTN: DO, ROOM 1127
DEFENSE LOGISTICS AGENCY
8725 JOHN J. KINGMAN ROAD, STOP 2533
FORT BELVOIR, VA  22060-6221

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within ___SIXTY___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

WALTER A.Y.H. CHINN                                  MAY 06 2004
RK                                                   DATE

_tamratalhay_  (SEAL)
(By) DEPUTY CLERK

000465

11

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                    Date                          Signature of Server

                                            _____
                                                  Address of Server

s to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

000466

12