**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA D. SEKIYA,<br>                *Plaintiff-Appellant,*<br>v.<br>ROBERT M. GATES,* officially as<br>Secretary of Defense,<br>                *Defendant-Appellee.* | No. 06-15887<br>D.C. No.<br>CV-04-00297-DAE<br>OPINION |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted November 7, 2007**

Filed November 29, 2007

Before: Diarmuid F. O'Scannlain, A. Wallace Tashima, and
Milan D. Smith, Jr., Circuit Judges.

Per Curiam Opinion

---

*Robert M. Gates is substituted for his predecessor, Donald F Rumsfeld, as Secretary of Defense. Fed. R. App. P. 43(c)(2).

**The panel finds this case appropriate for submission without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

## SUMMARY

### Civil Litigation and Procedure/Appeals

The court of appeals dismissed an appeal. The court held that an appellant's opening brief was so deficient that the court of appeals was compelled to strike it in its entirety: the brief failed to provide the applicable standard of review, made virtually no legal arguments, lacked a table of contents, a table of authorities, citations to authority, and accurate citations to the record.

Appellant Linda Sekiya brought suit in district court in Hawaii against her employer, appellee, Robert Gates, in his official capacity as Secretary of Defense, claiming she suffered discrimination on the basis of her disability, in violation of the Rehabilitation Act. The district court granted summary judgment in favor of Gates.

Sekiya appealed. In her brief, Sekiya challenged the district court's conclusion on summary judgment by asserting that "Plaintiff-Appellant disagrees" and by providing the court of appeals with a list of asserted facts without adequate citation to the record and without any argument or authority on how these facts would support or establish the finding that Sekiya sought.

[1] Federal Rule of Appellate Procedure 28 and Ninth Circuit Rules 28-1 to -4 clearly outline the mandatory components of a brief on appeal. [2] Sekiya's opening brief was so deficient that the court of appeals was compelled to strike it in its entirety and dismiss the appeal. The brief failed to provide the applicable standard of review, made virtually no legal arguments, lacked a table of contents, a table of authorities, citations to authority, and accurate citations to the record. [3] Bare assertions and lists of facts unaccompanied by analysis and completely devoid of case law fall far short of the

requirement that counsel present appellant's contentions and the reasons for them. [4] Despite the abject deficiency of the brief, the court of appeals reviewed Sekiya's case on the merits based on a review of the district court record, and the court of appeals was satisfied that the district court did not err. Sekiya, however, was not entitled to have the court of appeals expatiate on its reasons for finding her case unmeritorious. Sekiya's appeal had to be dismissed.

## COUNSEL

Venetia K. Carpenter-Asui, Honolulu, Hawaii, for the plaintiff-appellant.

Thomas A. Helper, Assistant United States Attorney, Honolulu, Hawaii, for the defendant-appellee.

## OPINION

PER CURIAM:

Plaintiff-Appellant, Linda Sekiya, appeals from the grant of a motion for summary judgment in favor of her employer, Defendant-Appellee, Robert M. Gates, in his official capacity as Secretary of Defense. Sekiya claims that her supervisor discriminated against her on the basis of her disability, in violation of the Rehabilitation Act, 29 U.S.C. § 701, et seq. We strike Sekiya's opening brief in its entirety pursuant to Ninth Circuit Rule 28-1 and dismiss the appeal. We publish this opinion as a reminder that material breaches of our rules undermine the administration of justice and cannot be tolerated.

### Discussion

[1] Federal Rule of Appellate Procedure 28 and our corresponding Circuit Rules 28-1 to -4 clearly outline the manda-

15408   SEKIYA v. GATES

tory components of a brief on appeal. These rules exist for good reason. "In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief." *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997).

[2] Here, Sekiya's opening brief is so deficient that we are compelled to strike it in its entirety and dismiss the appeal. *Cmty. Commerce Bank v. O'Brien (In re O'Brien)*, 312 F.3d 1135, 1137 (9th Cir. 2002). The brief fails to provide the applicable standard of review, Fed. R. App. P. 28(a)(9)(B), and makes virtually no legal arguments, Fed. R. App. P. 28(a)(9)(A). Furthermore, it lacks a table of contents, Fed. R. App. P. 28(a)(2), a table of authorities, Fed. R. App. P. 28(a)(3), citations to authority, Fed. R. App. P. 28(a)(9)(A), and accurate citations to the record, Fed. R. App. P. 28(a)(9)(A) & (e).

[3] When writing a brief, counsel *must* provide an argument which *must* contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). In her brief, Sekiya challenges the district court's conclusion on summary judgment that she failed to present evidence that *would support* a finding of discrimination or *establish* that she was constructively discharged. She does so by asserting that "Plaintiff-Appellant disagrees" and by providing this court with a list of asserted facts without adequate citation to the record and without any argument or authority on how these facts, contrary to the district court's conclusion, *would support* or *establish* the finding that Sekiya seeks. Bare assertions and lists of facts unaccompanied by analysis and completely devoid of caselaw fall far short of the requirement that counsel present "appellant's contentions and the reasons for them."

[4] We are mindful of the harshness of this rule, especially as its application could, if unwisely applied, leave a meritori-

SEKIYA v. GATES                 15409

ous appellant without a legal remedy when the fault lies solely with his or her counsel. *See N/S Corp.*, 127 F.3d at 1146. With this concern in mind, and despite the abject deficiency of the brief, we have reviewed Sekiya's case on the merits based on a review of the district court record, and we are satisfied that the district court did not err. Sekiya, however, is not "entitled to have us expatiate on our reasons for finding [her] case unmeritorious." *Id.* at 1147. We conclude that Sekiya did not suffer an adverse employment action when her supervisor requested further substantiation of her absences. *See* 42 U.S.C. § 12112; *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). Furthermore, the sarcastic comments made by her supervisor about her foot, though insensitive, do not rise to the level of a constructive discharge under our caselaw. *See Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000) (constructive discharge occurs when conditions are "so intolerable that a reasonable person would leave the job").

APPEAL DISMISSED.

A TRUE COPY   1/22/08
ATTEST
CATHY CATTERSON
Clerk of Court

by:_____
       Deputy Clerk

This certification does constitute the mandate of the court.